HOUSTON, Justice
(concurring in the result).
In Gunter v. Beasley, 414 So.2d 41 (Ala. 1982), a unanimous Court held that Jere *908 Beasley, a former lieutenant governor, was entitled to the expense allowance that George McMillan, another former lieutenant governor, seeks in this case. The applicable statute of limitations was not an issue in Gunter v. Beasley. The sole issue now before this Court is whether McMillan’s action is time-barred under the six-year statute of limitations.
McMillan’s complaint states his basis for relief as follows:
“In failing to pay George McMillan’s expense allowance during his service as Lt. Governor, and in denying the subsequent request of George McMillan for payment of the cumulative monthly expense allowance plus interest, the Defendants [who are clearly public officers] have acted under a mistaken interpretation of law; this action is brought on account of the misfeasance or nonfeasance of public officials.”
Ala.Code 1975, § 6-2-33(3), provides a 10-year statute of limitations for “Motions and other actions against sheriffs, coroners, constables, and other public officers for nonfea-sance, misfeasance, or malfeasance in office.”
I am persuaded that McMillan sought to recover under a cause of action subject to the 10-year limitations period of § 6-2-33(3). Therefore, I am persuaded that the summary judgment should be reversed.
Was there substantial evidence of misfeasance or nonfeasance on the part of the defendants? That question is not before this Court. The defendants failed to pay a monthly expense allowance to McMillan while he was lieutenant governor. In Gunter v. Beasley, this Court held that such an expense allowance was due Jere Beasley while he was lieutenant governor. Did the failure to pay this expense allowance constitute misfeasance or nonfeasance? One cannot determine that from the record in this case.
The limitations period applicable to a cause of action begins to run when the cause of action accrues. The expense allowance that is the subject of this action was payable monthly; therefore, if the defendants were guilty of misfeasance or nonfeasance, a cause of action allowing for the recovery of each payment accrued on the first day of the month following the month for which payment was due and was not made. This cause of action is different from the cause of action in Williams v. Williams, 497 So.2d 481 (Ala. 1986) (the limitations period applicable to a claim for a payment due in installments does not commence to run until the final installment becomes due and is unpaid). This is an action based on alleged misfeasance or non-feasance of a public officer.
If the failure to pay a particular monthly allowance expense was a misfeasance or a nonfeasance, then this misfeasance or non-feasance was actionable on the first day of the month following the month for which the payment was due and was not made. Certainly, if the public officer were tried criminally or an attempt was made to remove the public officer from office for the failure to pay the lieutenant governor’s monthly expense allowance (i.e., for misfeasance or non-feasance), that officer could not defend on the principle that the time for payment had not ended and that as long as the officer pays the expense allowance before the lieutenant governor’s term of office ends, the officer is not guilty of misfeasance or nonfeasance.
This action was filed on December 31, 1992. Therefore, it could well be that McMillan’s claims for expense allowances for December 1982 and any months subsequent thereto are not barred, if it is determined that the failure to pay this expense allowance was a misfeasance or a nonfeasance, but that all expense allowances for months before December 1982 (10 years before this action was filed) are barred. This I cannot determine from the record in this case.
In my opinion, this cause must be remanded for a determination of whether any of the public officers were guilty of misfeasance or nonfeasance; and, if so, whether McMillan’s claim based on that misfeasance or nonfea-sance is time-barred under Ala.Code 1975, § 6-2-33(3).